LOCKTON v. EDWARDS.

INSANE PERSONS—COUNTY CHARGES.

    Under 3 How. Stat. § 1930c8, providing that an unrecovered patient, removed temporarily on trial from the insane asylum, shall not forfeit his right to State support "if returned to the asylum within one year from date of removal," such patient, if returned after the expiration of the year, becomes a charge upon the county.

*Mandamus* by Andrew W. Lockton, prosecuting attorney of Calhoun county, to compel William M. Edwards, medical superintendent of the Michigan Asylum for the Insane at Kalamazoo, to receive an indigent insane person as a State charge. Submitted October 21, 1898. Writ denied November 1, 1898.

*Andrew W. Lockton, in pro. per.*

*Henry E. Chase,* Deputy Attorney General, for respondent.

PER CURIAM. The sole question in this case is this: Is an indigent patient, who has been confined in the asylum for the insane at Kalamazoo, and has been removed therefrom as an unrecovered patient, and remained away from

the asylum more than one year, entitled to be returned to the asylum as a State charge ?   The statute is as follows:

"An unrecovered patient, removed temporarily on trial, if returned to the asylum within one year from date of removal, shall not forfeit his right to State support."   3 How. Stat. § 1930c8.

The patient in this case has been away from the asylum for two years and four months.   The usual proceedings were then taken before the probate court to have her adjudged insane, and sent to the asylum.   The probate court directed that she be received as a State charge.

The clear implication is that a return within one year is necessary to entitle the patient to be received at the expense of the State.   If returned after the expiration of a year, an insane person becomes a charge upon the. county.   The respondent was right in refusing to admit the patient.

The writ is denied.